IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WARIS AHMADZAI PETITIONER

V. CIVIL ACTION No. 5:26-CV-414-DCB-BWR

RAFAEL VERGARA RESPONDENTS
in his Official Capacity,
Warden Adams County
Correction Center;

Core Civic, LLC, and

BRIAN ACUNA
in his Official Capacity,
Field Office Director for
ICE's ERO of New Orleans,
Louisiana

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 8] of the United States Magistrate Judge entered herein on September 30, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended that Ahmadzai's Petition [ECF No. 1] should be dismissed because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Due Process Clause of the Fifth Amendment. Ahmadzai, represented by counsel, did not file objections to the Report by his deadline of October 14, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.”). Where there are no objections, the Court applies the “clearly erroneous, abuse of discretion and contrary to law” standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed Ahmadzai’s Petition [ECF No. 1] and the related filings. The Court observes that Ahmadzai, a native and citizen of Afghanistan, applied for admission into the United States at the Port of Entry in Brownsville, Texas on December 17, 2024. Petitioner was detained and placed in proceedings for expedited removal the following day. An Immigration Judge subsequently pretermitted Ahmadzai’s applications for asylum and withholding of removal, and ordered him removed to Afghanistan. Ahmadzai’s appeal of that decision is still pending before the Board of Immigration Appeals.[1] Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full as the opinion of this Court.

Moreover, since Judge Rath entered his Report and Recommendation, the Fifth Circuit Court of Appeals has entered a decision in Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL

[1] See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 16, 2026).

3181188 (5th Cir. Oct. 23, 2026) (en banc). This opinion reiterated Judge Rath's conclusion: that Petitioner's detention while his removal proceedings are ongoing does not violate the Fifth Amendment's Due Process Clause. "Because Petitioner[ ] ha[s] never been admitted to the United States, due process does not entitle [him] to additional proceedings beyond what Congress has provided before [he] may be detained pending removal." Id. at *5. "And even granting that such a challenge is possible, the facts Petitioner[ ] seek[s] to prove at [his] bond hearing[ ] are irrelevant to detention under § 1225(b)(2)(A), such that the absence of those hearings did not render [his] detention constitutionally defective." Id.

To the extent Petitioner argues that his detention is prolonged such that it violates the Fifth Amendment's Due Process Clause as applied to him, Sosnava Rodriguez rejected a "six-month timeframe as a hard limit on pre-removal detention," submitting that the pertinent question is whether removal is practically attainable. Sosnava Rodriguez, 2026 WL 3181188, at *13 (emphasis in original). The Fifth Circuit said, however, that it "d[id] not dismiss the idea that distinct due process questions might arise" if a petitioner's "detention no longer served its immigration purpose or if" the petitioner's "removal proceedings were used as a façade 'to incarcerate [ ] for other reasons.'" Id. (quoting Demore v. Kim, 538 U.S. 510, 533 (2003) (Kennedy, J., concurring)

and Banyee v. Garland, 115 F.4th 928, 934 (8th Cir. 2024)). The Fifth Circuit "d[id] not address those questions" because the Sosnava Rodriguez petitioners did "not challenge[ ] the duration of their detention as unconstitutional; nor . . . assert[ ] that their removal [was] 'no longer practically attainable.'" Id. (quoting Zadvydas v. Davis, 533 U.S. 678, 690 (2001)).

The Fifth Circuit pointed to Justice Kennedy's concurrence in Demore, and the Eighth Circuit Court of Appeals' decision in Banyee as guidance for determining what constitutes a façade to incarcerate for reasons other than removal. Id. In his Demore concurrence, Justice Kennedy opined that, "[w]ere there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." Demore, 538 U.S. at 532-33 (Kennedy, J., concurring). Justice Kennedy concurred after concluding that incarceration for other reasons was "not a proper inference . . . either from the statutory scheme itself or from the circumstances [in Demore]." Id. at 533.

In Banyee, the Eighth Circuit concluded that a detainee's year-long, pre-removal detention did not violate the Fifth Amendment's Due Process Clause where there had been no "'dilatory

tactics' by either side," but "back and forth rulings, plus general administrative backlogs, were to blame for [the petitioner's] lengthy detention." Banyee, 115 F.4th at 934. Banyee said, "[n]or is it a problem that the jail the government used also housed criminals. It takes more to turn otherwise legal detention into unconstitutional punishment." Id. (referencing Bell v. Wolfish, 441 U.S. 520, 537 (1979)).

In sum, the length of Petitioner' detention does not determine its legality. Id. at 932. "The why . . . is more important than how long." Id. Petitioner has not alleged, nor provided evidence, that his removal proceedings are a façade to detain him for reasons other than his removal. That Petitioner's detention is lengthened due to "general administrative backlogs" does not prove unconstitutional punishment. In just the last five years, immigration cases have increased 104%, from 1,694,255 cases in 2021 to 3,469,569 in the third quarter of 2026. See EOIR Adjudication Statistics, Dep't of Just. (last updated July 24, 2026).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that Ahmadzai's Petition [ECF No. 1] is hereby denied and dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Due Process Clause

of the Fifth Amendment. Consequently, the Report and Recommendation, as amplified by Sosnava Rodriguez, 2026 WL 3181188, at *1, is adopted as the opinion of this Court. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 19th day of November, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE